■ Albert R. Luddington, Respondent, v. State of New York, Appellant. (Claim No. 41512.) — Herlihy, J. The State appeals from a judgment awarding damages in an appropriation case. The property is located in the Town of Maine, County of Broome. By an amended decision the court found direct damages to the land and land improvements of $1,810 and consequential damages to the remainder of $2,200 on the premise that the best available use of the property was "commercial frontage". Prior to the taking there was 253 feet frontage on Route 26 and the land was flat and usable for a depth of approximately 60 feet, the remainder consisting of rough, hilly terrain. The frontage at the northerly end was incumbered by a creek 25 feet in width and a right of way 24 feet in width which, while not considered by the claimant's appraiser, we must assume from the present record made

the frontage value of these 49 feet considerably less, if of any value, than the remaining 204 feet. The taking was for a depth on the northerly boundary of approximately 39 feet and on the southerly of approximately 14 feet and due to the shape of the lot, the then frontage increased 274 feet. From the record we are unable to determine how the court arrived at a before value of $4,800. The best available use of the property being " commercial frontage ", exactitude as to the quantity and quality of the frontage is a prerequisite to a proper finding of value. The claimant's expert gives some basis for the finding of an after value of $1,190, when he found the best after use to be for residential purposes and stated: " I estimated this land to have a value of $5. for a basic residential lot 120 feet in depth. The average depth of this remaining was 98 feet; therefore, it had a value per front foot of $4.34; 274 front feet times $4.34, or a value of $1189." It is immediately apparent that this finding was based on frontage of 274 feet and did not take into consideration the incumbrances of the creek and the right of way which, we must assume, would be considerably more than the original 49 feet as the boundary line fanned off at a considerable angle. As for damages to the well, it was not destroyed by the taking and while in the first instance it was dug for commercial purposes, there is evidence that it had some residual value and could be used for residential purposes. The claimant's expert found consequential damages to the well of $400; the court determined a before value of $400 and no after value. There being no zoning ordinance at the time of the taking, the offer of proof based on commercial use was proper. In view of the imponderables set forth, this court cannot make necessary findings to substantiate an award and a new trial is required. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur.